BILL MILLER et al. v. STATE.

No. A-8268.    April 9, 1932.
(10 Pac. [2d] 292.)

T. H. Davidson, for plaintiffs in error.

J. Berry King, Atty. Gen., (Gus Rinehart, Asst. Atty. Gen., on the brief), for the State.

248

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the district court of Muskogee county of the crime of conjoint robbery, and the punishment of each of them assessed by the jury at imprisonment in the state penitentiary for five years.

The evidence of the state was that the parties are negroes; that Lewis McPhearson visited the place where Bill Miller, Willie Miller, and Hattie Miller lived; that he bought some whisky there and became intoxicated; that while he was drunk, Bill Miller caught him by the neck and shoulders and Willie Miller by the feet; that they held his body up from the floor and Hattie Miller went through his pockets and took $25 in currency and a gold watch. The defense was that Bill Miller won the watch and money from McPhearson shooting craps.

The defendants contend first that the court erred in permitting the county attorney to ask improper, incompetent, and prejudicial questions.

On cross-examination the county attorney asked the defendants if they had ever been arrested, charged and convicted of any crime. This question was objected to and the objection promptly sustained by the court as to form. Thereupon the court advised the county attorney that he might ask if they had been convicted of a violation of any state law.

Biller Miller admitted that he had been convicted on three different occasions, serving 11 months in one case, 90 days in another, and 60 days in another. Defendant Hattie Miller admitted that she had been convicted for violation of the prohibitory liquor laws.

While the questions asked by the county attorney were improper as to form, we are unable to see where

these questions could have prejudiced the defendants. The evidence of the state is ample to establish the guilt of the defendants, and their admissions made upon cross-examination show that they had been convicted on numerous occasions. While the questions asked were improper, the error was not sufficient to require a reversal of the case under the state of this record.

Defendants next contend that the court erred in permitting the county attorney to make highly improper, incompetent, and prejudicial statements to the jury in his argument.

The particular complaint shown by the record is:

"Mr. Davidson: We object to that portion of the county attorney's statement, that these defendants are people that when they get some white man in their place they roll him. Mr. Oldham: Just state it correctly. And get them drunk, then they proceed to roll them. The Court: To start in with the county attorney didn't say just that. Here is about what the county attorney said: 'Who are these people under the evidence in this case they make their living by handling whisky, and if they get a white man or a negro down there they roll him just like they did this man. Mr. Oldham: And get him drunk enough that they think he don't know where his money has gone. The Court: That is about it. Mr. Davidson: To which we object as incompetent, irrelevant, immaterial and prejudicial. The Court: Overruled. He may draw his own conclusion from the evidence."

An examination of the record discloses that the conclusions drawn by the county attorney in his argument are fairly included within the evidence.

Defendants next contend that the verdict of the jury was not responsive to the issue joined by the information, and their plea thereto, and is inconsistent and illegal.

The information charges robbery by force, which is robbery in the first degree. Defendants' counsel requested the court to instruct the jury on conjoint robbery because the penalty is less. At the time the instruction was requested and given, the court suggested to counsel that it might be necessary to amend the information to charge conjoint robbery, but defendants' counsel said that the crime of conjoint robbery was necessarily included in the charge in the information and that no amendment was necessary.

In Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609, this court said:

"Where there is a prosecution and conviction of robbery in the first degree, it is immaterial that the evidence would authorize a conviction of a codefendant of the commission of conjoint robbery, as robbery in either the first or second degree is necessarily included in the commission of a conjoint robbery, and, where the evidence on the part of the state clearly establishes all the essential elements of robbery in the first degree against the defendant on trial, he may be prosecuted and convicted of that included offense; such conviction being a bar to any subsequent prosecution for robbery conjointly committed in the same transaction."

Defendants having requested the court to instruct the jury upon conjoint robbery and such crime being included in the offense charged in the information, there is no merit to their contention.

Defendants' counsel argues in his brief that Hattie Miller is entitled to have the case dismissed against her, because of duress arising out of the fact that the crime was committed, if at all, by her in the presence and under the direction of her husband.

Sections 1515 and 1518, C. O. S., provide:

"The duress which excuses a person from punishment who has committed a prohibited act or omission must be an actual compulsion by use of force or fear."

"The inference of subjection arising from the fact of coverture may be rebutted by any facts showing that in committing the act charged the wife acted freely."

Defendant Bill Miller claimed to have won the money and watch shooting craps. Defendant Hattie Miller denied that she had anything at all to do with obtaining the watch or money. She introduced no evidence of duress, and failed to raise the question by objection, by motion in arrest of judgment or by motion for a new trial in the lower court, and has not raised it by petition in error in this court.

It appears from the whole record that the inference of subjection arising from coverture is rebutted by a showing that in committing the act charged the wife acted freely.

The verdict of the jury being supported by sufficient evidence and the errors of law complained of being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.